

008

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

AUG 06 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HOMERO RIVERA, | § § § | |
| Plaintiff, | § § | |
| Vs. | § § § | |
| | § | Case No. B-01-123 |
| A. D. WELDING SERVICES, INC., | § § § | |
| Defendant. | § | |

---
**DEFENDANT A. D. WELDING SERVICE, INC.'S ANSWER**
---

## I INTRODUCTION

1. COMES NOW DEFENDANT A. D. WELDING SERVICE, INC., defendant in the above case, and reserving the right to file other and further pleadings, motions, and denials, files this answer and would respectfully show the court the matters stated below. References herein to the "paragraph" refer to the numbered paragraphs in plaintiff's complaint. Plaintiff asserts claims for overtime compensation under the Fair Labor Standards Act (the "Act" or "FLSA"). Defendant demands a jury.

## II    AFFIRMATIVE DEFENSES

### A.    Exemption

2. Plaintiff worked as a Yard Coordinator, and as such was an executive or administrative employee pursuant to the FLSA, who

was exempt from the overtime provision of the Act.

### B.  Good Faith

3.  In the alternative, even if plaintiff were not so exempt, the company acted in good faith in so classifying plaintiff, and had reasonable grounds to believe its conduct did not violate the Act.

### C.  Statute of Limitations

4.  Any and all claims asserted by plaintiff based on events occurring more than two (2) years before plaintiff filed this complaint are barred by limitations.

5.  Even if defendant in any way violated the Act, which defendant denies, it did so without intent or reckless disregard of the law.

### D.  Estoppel

6.  Even if defendant were not entitled to the exemption from the Act's overtime provision as stated above, plaintiff's failed to keep and maintain accurate contemporaneous time records as required by the Act and company policy then known to plaintiff.  Therefore, plaintiff is estopped from relying on such records as he may offer in support of his claims.

### III   RESPONSES TO PLAINTIFF'S ALLEGATIONS

7.  Regarding plaintiff's allegations in ¶1, concerning where plaintiff resides, defendant has insufficient information either to admit or deny such allegation.

DEFENDANT A. D. WELDING SERVICES, INC.'S ANSWER                                    2

8. Regarding plaintiff's allegations in ¶2, concerning the nature of plaintiff's claims, defendant admits plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), but defendant denies plaintiff is entitled to any relief under such statute.

9. Regarding plaintiff's allegations in ¶3, concerning jurisdiction in this court, defendant admits this court has jurisdiction.

10. Regarding plaintiff's allegations in ¶4, concerning defendant's status as an employer, and plaintiff's status as an employee, defendant admits plaintiff was an employee and defendant was at times relevant an employer under the FLSA.

11. Regarding plaintiff's allegations in ¶5, concerning the nature of defendant's business entity, defendant admits it is a corporation organized and existing under the laws of the State of Texas.

12. Regarding plaintiff's allegations in ¶5, concerning a location where defendant was doing business, defendant admits at times relevant it was doing business at Port of Brownsville, TX.

13. Regarding plaintiff's allegations in ¶5, concerning the nature of defendant's business, defendant admits that during the work weeks July 12, 1999 ending on April 3, 2000, defendant's activities included providing contract workers on a temporary or continuing basis for a fee.

14. Regarding plaintiff's allegations in ¶5, concerning the

kind of temporary workers provided to Amfels Shipyard, defendant admits that during the work weeks July 12, 1999 ending on April 3, 2000, defendant provided welders, pipe fitter, carpenters, and other skilled employees.

15. Regarding plaintiff's allegations in ¶5, concerning the commercial activities of Amfels Shipyard, defendant has insufficient information either to admit or deny such allegation, but defendant admits Amfels Shipyard does business in interstate commerce.

16. Regarding plaintiff's allegations in ¶5, concerning the history of A. D. Welding Service, Inc., defendant admits it has been in operation for more than ten years, and its annual dollar volume exceeded $500,000.00 in 2000 and 1999.

17. Regarding plaintiff's allegations in ¶6, concerning the nature of work performed by plaintiff, defendant denies it employed plaintiff as a clerical worker, admits it employed defendant as a Yard Coordinator, denies it employed plaintiff as a maintenance worker, and denies it employed plaintiff to do manual labor, as alleged by plaintiff.

18. Regarding plaintiff's allegations in ¶6, concerning the nature of work performed by plaintiff, defendant admits the services performed by plaintiff were necessary, integral, and essential to defendant's business of providing skilled personnel to Amfels Shipyard.

19. Regarding plaintiff's allegations in ¶7, concerning plaintiff's contention that he performed overtime work totaling approximately 560.26 hours for which no additional compensation was paid him in violation of the FLSA, defendant denies plaintiff worked such overtime overtime, and denies plaintiff was entitled to any compensation for overtime.

20. Regarding plaintiff's allegations in ¶8, where plaintiff contends defendant owes plaintiff $11,031.52, plus an additional equal amount as liquidated damages, defendant denies such allegations.

21. Regarding plaintiff's allegations in ¶9, where plaintiff alleges it has been necessary for plaintiff to engage, and plaintiff has engaged, an attorney, defendant denies such is necessary, but admits it appears plaintiff has engaged an attorney.

22. Regarding plaintiff's allegations in the unnumbered paragraph following ¶9(complaint, page 2), such paragraph is a prayer for relief to which no response is required, but to the extent that such paragraph may contain factual allegations, those allegations are denied.

23. Any matters in plaintiff's complaint which are not specifically admitted or denied herein, are hereby denied.

## IV    PRAYER FOR RELIEF

24. WHEREFORE, defendant prays the court dismiss plaintiff's complaint with prejudice, that the court award plaintiff no relief

whatsoever, that the court render judgement in favor of defendant, that the court award defendant reasonable attorney's fees, costs, and expenses; and, that the court award defendant such other and further relief as is proper and just.

Respectfully Submitted,

NEEL & HORTON, L.L.P.

*David Horton*

David Horton
SBOT No. 10014500
USDCSDTX Bar No. 3804
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Attorney for Defendant
A. D. WELDING SERVICE, INC.

Date: 08/06/01

CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Jack Carinhas, Jr.
SBOT No. 03795000
USDCSDTX Bar No. 1179
302 Kings Highway - Suite 109
Brownsville, TX 78521
956.542.9161 telephone
956.542.3651 telecopier,       via: FCM           ,
by means stated above on the 06 day of AUGUST, 20 01.

*David Horton*
David Horton

DEFENDANT A. D. WELDING SERVICES, INC.'S ANSWER                               6