8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 0 5 2001

| | | |
|---|---|---|
| HOMERO RIVERA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-123 |
| | § | |
| A. D. WELDING SERVICES, INC. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

COME NOW, **Homero Rivera**, Plaintiff and **A. D. Welding Services, Inc.**, Defendant, in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by Rule 26(f), Federal Rules of Civil Procedure.

1.    State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

The meeting took place at 614 North Shore Drive, Port Isabel, Texas on November 3, 2001. Counsel attending were Jack G. Carinhas, Jr. for Plaintiff and David Horton for Defendant.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3.    Specify the allegation of federal jurisdiction.

Federal question under Federal Labor Standards Act; 29 USC 216(b).

4.     Name the parties who disagree and the reasons.

       None.

5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

       None.

6.     List anticipated interventions.

       None.

7.     Describe class-action issues.

       None.

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

       Yes as to Plaintiff.  Defendant will file initial disclosures by November 7, 2001.

9.     Described the proposed agreed discovery plan, including:

       A.     Responses to all the matters raised in Rule 26(f).

       A(1)   No changes required; all matters discussed by counsel in conference.

B.      When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff proposes to send interrogatories to Defendant by December 1, 2001.

C.      When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates sending interrogatories to Plaintiff by December 15, 2001.

D.      Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff plans to take the deposition of Defendant's principal, Alfredo de la Fuente, and U.S. Department of Labor representative, Juan M. Garcia, Jr. by February 1, 2002.

E.      Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the oral deposition of Plaintiff Homero Rivera by February 1, 2002.

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Although Plaintiff does not consider expert testimony is necessary in this case, any expert will be designated by February 15, 2002.

G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Plaintiff does not anticipate taking any expert depositions.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

Defendant does not anticipate taking expert depositions at this time.

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

No disagreement.

11.   Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

12.   State the date the planned discovery can reasonably be completed.

March 1, 2002.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Settlement likely; counsel exchanged views at meeting.  Counsel also discussed arbitration and agreed to recommend terms and conditions of arbitration to their respective clients.

14.   Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff has made a settlement demand of $10,000; Defendant proposed early arbitration on certain terms and conditions which Plaintiff's counsel will discuss with Plaintiff.

15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

The parties agreed to consider arbitration to take place in late December 2001 or early January 2002.

16.   Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

If parties cannot agree to arbitrate, parties will agree to assignment to Magistrate Judge for non-jury trial.

17.   State whether a jury demand has been made and if it was made on time.

Jury demand made, but parties will consider agreement for non-jury trial before Magistrate Judge if arbitration not agreed upon.

18.   Specify the number of hours it will take to present the evidence in this case.

Plaintiff and Defendants anticipate that it will take approximately six (6) hours for both sides for non-jury trial or arbitration.

19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

20.   List other motions pending.

None.

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

22.  List the names, bar numbers, addresses and telephone numbers of all counsel.

> Counsel for Plaintiff Homero Rivera
>
> Jack G. Carinhas, Jr.
> 302 Kings Highway, Suite 109
> Brownsville, Texas 78521
> Telephone:  956/542-9161
> Telefax:       956/542-3651
> State Bar No. 03795000
> USDC No. 1179

_____     November 5, 2001
Jack G. Carinhas, Jr.                              Date
Attorney-in-charge

> Counsel for Defendant A. D. Welding Services, Inc.
>
> Mr. David Horton
> Neel & Horton, L.L.P.
> P. O. Box 2159
> South Padre Island, Texas 78597
> Telephone:  956/761-6644
> Telefax:       956/761-7424
> State Bar No. 10014500
> USDC No. 3804

_____     November 5, 2001
David Horton                                       Date
Attorney-in-charge